UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  24-cv-22087-CMA

ABIGAIL DEMBINSKI,

      *Plaintiff*,

vs.

NCL (BAHAMAS) LTD.,
a Bermuda Company,

      *Defendant*.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, NCL (Bahamas) Ltd. ("NCL"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby moves to dismiss Plaintiff's Complaint.

### Introduction

In this maritime personal injury action, Plaintiff alleges she consumed too much alcohol and fell down, and that this is NCL's fault. She brings a five count complaint with various theories of negligence. Unfortunately these counts repeatedly allege improperly heightened standards of care, commingle multiple causes of action within single counts, and fail to allege sufficient facts that nudge their claims into the realm of plausibility. Accordingly, NCL moves to dismiss the Complaint in its entirety.

### Memorandum of Law

### I.    Legal Standard on Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id*. at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## II.    Shotgun Pleadings are Strongly Disfavored and Warrant Dismissal

In addition to meeting the Rules' pleading requirements, plaintiffs must avoid filing "shotgun complaints." Indeed, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings" because "[t]hey waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295(11th Cir. 2018).

In *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the 11th Circuit recognized four situations where a shotgun pleading may arise:

"The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun

pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Weiland,* 792 F.3d at 1322.

In cases founded on shotgun pleadings, "discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996).

### III.    General Maritime Law Applies

 "An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty." *Gandhi v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 33395 (S.D. Fla. Mar. 14, 2014). Here, Plaintiff alleges she was a passenger onboard an oceangoing cruise ship at all material times. [DE 1, ¶10]. Plaintiff also alleges that general maritime law governs her claims. *See id.* at ¶7. Thus, there is no dispute that General Maritime Law applies.

### IV.    Count I Attempts to Impose Improper Duties on NCL and should be Dismissed

Count I alleges NCL negligently served the Plaintiff too much alcohol, and should be liable because it did not "ensure [plaintiff] did not become overly intoxicated" and did not follow its own internal policies. [DE 1, ¶¶15, 24(a), (b), (c), and (f)].

Well-settled law dictates that the duty of care a shipowner owes its passengers is that of reasonable care under the circumstances. *See, e.g., Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). It therefore stands to reason that a shipowner is not liable as an insurer of its passengers' safety, but only for its negligence. *See, e.g., Kornberg v. Carnival Cruise Lines,* 741 F.2d 1332, 1334 (11th Cir. 1984). Additionally, the duty of care is what is reasonable under the circumstances – and for that reason courts have repeatedly held that a shipowner's internal policies

and procedures cannot form the basis of a negligence claim. *See Ure v. Oceania Cruises, Inc.*, 2014 U.S. Dist. LEXIS 154818 *8 (S.D. Fla. Oct. 31, 2014) (Passenger Bill of Rights "does not impose a duty on Oceania under maritime law and therefore it cannot form a basis for Plaintiffs' negligence claims."); *Calderon v. Offen*, 2009 U.S. Dist. LEXIS 97565 (S.D. Fla. 2009) (ship safety manual does not change long established rules governing maritime liability); *cf. Taylor v. Royal Caribbean Cruise,* No. 20-14754, 2021 U.S. App. LEXIS 23650 *12 (11th Cir. August 10, 2021) (affirming dismissal of count for failure to follow policies where no allegations were made of <u>how</u> failure to follow policies caused alleged injury); *Diaz v. Carnival Corp,* 555 F. Supp. 3d 1302, 1312 (S.D. Fla. 2021) (negligence claim based on failure to have proper safety standards "attempt[s] to impose heightened duty of care not otherwise recognized.").

Here, Plaintiff faults NCL for failing to "ensure" she did not get too drunk – a plain violation of *Kornberg* and its progeny. And she makes a number of vague allegations concerning NCL's own corporate policies and procedures which cannot be used to create a duty in a maritime negligence claim. Accordingly, NCL submits Count I should be dismissed without prejudice to the extent that it alleges a duty beyond what is reasonable under the circumstances.

**V.    Count II Fails to State a Claim for Negligent Security**

Count II of the Complaint alleges a claim for Negligent Security. Maritime Negligent Security claims are based on standard negligence principles. However, courts ruling on the issue tend to look for certain factual allegations such as: foreseeability of careless or criminal actors, industry standards, insufficient number of security personnel, and prior similar incidents. *See Fuentes v. Classica Cruise Operator Ltd., Inc.*, 2020 U.S. Dist. LEXIS 167525 (S.D. Fla. Sept. 11, 2020); *Carideo v. Whet Travel, Inc.*, 2018 U.S. Dist. LEXIS 48219 (S.D. Fla. Mar. 23, 2018). Courts have also recognized the "high bar required for a negligent-security claim." *Hammer v. Lee Mem. Health Sys.*, 2020 U.S. Dist. LEXIS 35677 (M.D. Fla. Mar. 2, 2020).

Turning to the present case, Plaintiff pleads nothing that would lead to the conclusion that the premises were unsecure due to a failure by its security apparatus. Plaintiff pleads no facts as to how NCL provided deficient security on their premises, that she posed a danger heightened danger to herself such that NCL should have been on notice above and beyond a typical situation where a passenger is intoxicated, and that this caused her to fall and injure herself the way she did. The situation is comparable to the situation quoted in *Reynolds v. Deep South Sports, Inc.*, 211 So.2d 37, 39 (Fla. 2d DCA 1968) where a negligent security claim dismissal was affirmed. There, the Court explained that "To foresee that plaintiff while attending the wrestling matches would be assaulted at the hour of 11:00 p.m. at the particular spot on the particular ramp on the way to the particular rest room in the…[particular] Building would indeed require imaginative foresight and such is not the type of foreseeability required…Only the standard of the reasonable and prudent man…is required."

Because Plaintiff does not allege facts that would support a claim for negligent security, let alone approach the high bar mentioned in *Hammer*, Count II should be dismissed.[1]

### VI.    Count III Fails to State a Claim and is a Shotgun Count

Count III is titled Negligent Supervision and alleges NCL failed to supervise its passengers' alcohol intake and its own employees who were serving the alcohol. [DE1, ¶32]. As a threshold matter, these alleged failures represent separate and distinct claims commingled as a single count and thus "commits the sin of not separating into a different count each cause of action or claim for relief." *See Weiland,* 792 F.3d at 1322.

Shotgun pleading aside, to state a claim for Negligent Supervision Plaintiff must allege "that

---

[1] Plaintiff also alleges NCL failed to follow company policy. [DE 1, ¶28]. As argued above, this cannot form the basis of a negligence claim. *See Ure v. Oceania Cruises, Inc.*, 2014 U.S. Dist. LEXIS 154818 *8.

(1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Doe v. Carnival Corp.,* 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020).

Plaintiff's Complaint provides no factual allegations about who NCL failed to properly supervise, to show that NCL was aware or should have become aware of problems with that employee, and/or that NCL failed to take necessary actions after learning of the problems. Therefore, Count III fails to state a claim for negligent supervision and should be dismissed.[2]

### VII.   Count IV is a Blatant, "Throw Everything at the Wall" Shotgun Count

In Count IV, titled "General Negligence" Plaintiff brings out the big (shot)gun. Within this single count, Plaintiff alleges NCL was negligent:

1. In the sale of alcohol (¶36(a)-(b));

2. For having inadequate policies and procedures (¶36(c), €, and (f));

3. In the operation of the bar onboard (¶36(d));

4. In its security procedures for the handling of intoxicated people (¶36(f));

5. In its treatment of the Plaintiff after she was injured (¶36(g)); and

6. Something more NCL apparently should have done given the movement of the ship (¶36(i)).

Six potential causes of action all in one count. Plaintiff here is simply attempting to grab everything she did not think to allege in the other four counts and put it into one so she does not miss anything. This count is a wholesale violation of the rules against shotgun pleading and should be dismissed. *Weiland*, 792 F.3d at 1322.

---

[2] Plaintiff also alleges NCL failed to follow company policy. [DE 1, ¶32(b)]. As argued above, this cannot form the basis of a negligence claim. *See Ure v. Oceania Cruises, Inc.*, 2014 U.S. Dist. LEXIS 154818 *8.

### VIII.  Count V Fails to State a Duty to Warn Claim

Count V seeks to hold NCL liable for failure to warn. Specifically, Plaintiff alleges NCL should be liable because NCL did not warn her that they would not be counting how many drinks she had. [DE 1, ¶42].

While maritime law recognizes a shipowner's duty to warn, that duty only extends to dangers of which the shipowner is aware and which are not open and obvious to passengers.  *See Guevara v. NCL* 920 F.3d  720, n.5 (11th Cir. 2019). Negligent failure to warn may be decided as a matter of law. *See Lipkin v. Norwegian Cruise Line*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla 2015).

It should go without saying that there is no duty to warn that alcohol may impair the Plaintiff's senses – why else was the Plaintiff at a bar to begin with? *Cf. Greif v. Anheuser-Busch Cos.*, 114 F. Supp. 2d 100, 102 (D. Conn. 2000) ("everyone knows, that anyone who consumes enough of any product containing alcohol will become, to some degree, inebriated."); *Bourgeois v. State Farm Mut. Auto. Ins. Co.*, 562 So. 2d 1177, 1183 (La. Ct. App. 1990) ("it is common knowledge that even a minimal amount of alcohol may cause a functional impairment"); *Reed v. Royal Caribbean,* 2021 U.S. Dist. LEXIS 120680 *34 (S.D. Fla. April 23, 2021) ("the general danger of uninvited physical contact by intoxicated…passengers on a cruise ship dance floor is an open and obvious danger."). Such an alleged failure cannot support Count V.

To the extent Plaintiff bases her claim on the allegation that she was not told NCL would not be counting her beverages for her – such a claim also fails. NCL concedes it has a duty to act reasonably in the service of alcohol under the circumstances – but that duty does not encompass a duty to babysit or become an insurer of passenger safety. In granting summary judgment in a case involving an intoxicated guest, Judge Scola explained, "One can likely imagine any number of ways to more effectively protect passengers from their own carelessness and recklessness. For example, each passenger could be assigned her or her own chaperone." *Caron v. NCL (Bahamas) Ltd.*, 2017

*Case No.: 24-cv-22087-CMA*

U.S. Dist. LEXIS 182607 *9 (S.D. Fla. Nov. 3, 2017), cited with approval in *D.W. v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 227001 (S.D. Fla. June 19, 2018).

This set of allegations simply does not support a claim for failure to warn, and NCL requests Count V be dismissed with prejudice.

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Plaintiff's Complaint in its entirety, in addition to all further relief deemed just and proper.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:     (305) 436-4916
Facsimile:     (305) 468-2132

By:  */s/ Brett Berman*
      **Brett Berman, Esq.**
      Florida Bar No. 68221
      bberman@nclcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2024, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  */s/ Brett Berman*
      **Brett Berman, Esq.**

*Case No.: 24-cv-22087-CMA*

## <u>SERVICE LIST</u>

*Abigail Dembinski vs. NCL (Bahamas) Ltd.*
Case No.: 24-cv-22087-CMA
United States District Court for the Southern District of Florida

Brett Berman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone:     (305) 436-4916
Facsimile:      (305) 468-2132
bberman@nclcorp.com
jjara@nclcorp.com
*Attorneys for Defendant*

Carol Finklehoffe, Esq.
Griffin Sher, Esq.
LIPCON, MARGULIES
& WINKLEMAN, P.A.
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
cfinklehoff@lipcon.com
gsher@lipcon.com
*Attorneys for Plaintiff*