UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  24-cv-22087-CMA

ABIGAIL DEMBINSKI,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD.,
a Bermuda Company,

    *Defendant*.
_____/

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, NCL (Bahamas) Ltd. ("NCL"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby files this Reply in further Support of its Motion to Dismiss Plaintiff's Complaint. [DE 8].

### Introduction

Plaintiff alleges she consumed too much alcohol while on her cruise, fell down, and that NCL is to blame. She alleges NCL served her too much alcohol (Count I) and she blames NCL for not taking better care of her once she was drunk (Count II). Her Complaint also includes three other counts which commingle several other causes of action, fail to allege the elements of those causes of action, and alleges claims that are not separate cognizable legal duties. The Plaintiff needlessly muddies the waters of what should be a rather straightforward lawsuit – and in the process sets the table for a complicated discovery process and confusing jury instructions.

Counts III through V fail to state claims upon which relief can be granted and should be dismissed. NCL withdraws its motion to dismiss arguments as to Counts I and II.

*Case No.: 24-cv-22087-CMA*

## Memorandum of Law

I.     **Defendant Withdraws its Arguments as to Count I**

NCL moved to dismiss Count I for alleging improper duties of care as the basis of her negligence claim. Plaintiff responds and cites to a number of prior decisions authored by Judge Altonaga wherein the Court rejected the very argument made by NCL in its Motion to Dismiss. Accordingly, NCL withdraws its motion with respect to Count I, without prejudice to challenge the offending allegations via motion to strike. *See, e.g., Manning v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 128835 (S.D. Fla. Sept. 11, 2012) (instructing that Rule 12(b)(6) motion is not the appropriate vehicle to ask the Court to strike allegations.).

II.     **Defendant Withdraws its Arguments as to Count II**

On review of Plaintiff's response, NCL agrees that the arguments raised are better submitted to the Court at the summary judgment phase. Accordingly, NCL withdraws its motion with respect to Count II, without prejudice to raising similar arguments when the time is appropriate.

III.     **Count III should be dismissed as Plaintiff's Failed to Respond to NCL's Argument**

NCL moved to dismiss Count III for failing to allege the requisite elements of a negligent supervision claim. *See* DE 8, *citing Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020). Plaintiff does not address this argument in her Response. NCL therefore respectfully requests this Court dismiss Count III, for reasons previously argued. *See, e.g., A1Procurement, LLC v. Hendry Corp.*, 2012 U.S. Dist. LEXIS 176624 *8-9 (S.D. Fla. Dec. 12, 2012) (Altonaga, J.) ("Failure to respond to arguments in a motion to dismiss is a sufficient basis to dismiss such claims by default under [Local Rule 7.1]").

IV.     **Count III Commingles Two Causes of Action; Count IV Commingles Six**

Plaintiff contends Counts III and IV are not shotgun counts because Rule 8 allows her to "set out 2 or more statements of a claim alternatively or hypothetically, either in a single count or defense

or in separate ones." [DE 16, p.8]. However, this misses the crux of NCL's argument. NCL seeks dismissal because Count III seeks to hold NCL liable for its supervision of its own bar staff (which is also the basis of Count I) *and* for its supervision of the bar patrons (which is also the basis of Count II). NCL seeks dismissal of Count IV for setting forth six different causes of action.

This argument is not about pleading alternate theories, it is about cleaning up the pleadings so discovery can proceed in an orderly fashion and the jury can be properly instructed if and when the case proceeds to trial. To quote Judge Lenard, "These theories are conceptually different and require different proof…If this case proceeded to trial, it would be impossible to instruct the jury as to the single negligence claim currently pleaded in the Complaint." *O'Brien v. NCL (Bah.) Ltd.*, 2016 U.S. Dist. LEXIS 195694 *7 (S.D. Fla. Nov. 18, 2016).

### VI. Count V Fails to State a Duty to Warn Claim

NCL moved to dismiss Plaintiff's Failure to Warn claim because the risk of consuming alcohol is open and obvious. Plaintiff responds, clarifying that the only basis of Count V is "Defendant's Failure to Warn Plaintiff that it would not monitor passenger intake of alcohol." [DE 16, p. 9].[1] Count I already seeks to hold NCL liable regarding its monitoring of the Plaintiff's alcohol intake. A separate count alleging a duty to warn of the same thing is entirely duplicative and does not stand alone as a claim upon which relief can be granted. *Cf. Escutia v. Carnival Corp.*, 2024 U.S. Dist. LEXIS 45387 *42 (S.D. Fla. March 13, 2024) (claims that stem from identical allegations, applying identical legal standards, seeking identical relief should be dismissed.).

---

[1] Plaintiff also – somewhat disingenuously – states this is "a duty which Defendant concedes it has." *See id*. NCL moved to dismiss Count I specifically because NCL's position is that there is no legal duty to ensure the Plaintiff did not drink too much. NCL saves this argument for another day, but let it be clear that NCL does **not** concede it had an affirmative duty to monitor Plaintiff's alcohol intake.

*Case No.: 24-cv-22087-CMA*

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Counts III, IV and V of the Plaintiff's Complaint, in addition to all further relief deemed just and proper.

    Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:   (305) 436-4916
Facsimile:    (305) 468-2132

By: */s/ Brett Berman*
    **Brett Berman, Esq.**
    Florida Bar No. 68221
    bberman@ncl.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2024, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Brett Berman*
    **Brett Berman, Esq.**

*Case No.: 24-cv-22087-CMA*

# SERVICE LIST

*Abigail Dembinski vs. NCL (Bahamas) Ltd.*
Case No.: 24-cv-22087-CMA
United States District Court for the Southern District of Florida

| | |
|---|---|
| Brett Berman, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL  33126<br>Telephone:     (305) 436-4916<br>Facsimile:     (305) 468-2132<br>bberman@nclcorp.com<br>jjara@nclcorp.com<br>*Attorneys for Defendant* | Carol Finklehoffe, Esq.<br>Griffin Sher, Esq.<br>LIPCON, MARGULIES<br>& WINKLEMAN, P.A.<br>2800 Ponce de Leon Blvd., Suite 1480<br>Coral Gables, Florida 33134<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br>cfinklehoff@lipcon.com<br>gsher@lipcon.com<br>*Attorneys for Plaintiff* |